

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

*Mailing Address*
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX 304-347-5104

FILED

DEC 1 6 2013

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

September 26, 2013

John A. Kessler, Esquire
Carey, Scott, Douglas & Kessler, PLLC
P.O. Box 913
Charleston, WV 25323

Re:  United States v. Harold S. Albertson

Dear Mr. Kessler:

This will confirm our conversations with regard to your client, Harold S. Albertson (hereinafter "Mr. Albertson"). As a result of these conversations, it is agreed by and between the United States and Mr. Albertson as follows:

1.  **CHARGING AGREEMENT.** Mr. Albertson agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2.  **RESOLUTION OF CHARGES.** Mr. Albertson will plead guilty to a violation of 26 U.S.C. § 7201 (evasion of payment) as charged in said information.

3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Albertson will be exposed by virtue of this guilty plea is as follows:

(a)  Imprisonment for a period of 5 years;

(b)  A fine of $250,000, or twice the gross pecuniary gain or

_____
Defendant's
Initials

John A. Kessler, Esquire
September 26, 2013                          Re: Harold S. Albertson
Page 2

      twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)   A term of supervised release of 3 years;

(d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e)   An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, as may otherwise be set forth in this plea agreement.

(f)   Costs of prosecution.

    4.   **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Mr. Albertson will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Albertson will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  If Mr. Albertson fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Albertson.

    5.   **RESTITUTION.**  Notwithstanding the offense of conviction, Mr. Albertson agrees that he owes restitution in the following amounts:

        a.   $8,000 payable to Louise Cummings;
        b.   $80,500 payable to Melissa Dickson;
        c.   $100,000 payable to Lydia Byrne;
        d.   $42,549 payable to Tracey Bowen;
        e.   $200,000 payable to Tom Williams;
        f.   $42,100 payable to Ray Lewis;
        g.   $56,550 payable to Sharon Milam;
        h.   $93,065 payable to the estate of George King;
        i.   $40,000 payable to Larry McGuiness;

_HA_
_____
Defendant's
Initials

John A. Kessler, Esquire
September 26, 2013                    Re: Harold S. Albertson
Page 3

      j.   $70,000 payable to Janice Confer;
      k.   $40,000 payable to George Boggs;
      l.   $100,000 payable to Belden Hustin;
      m.   $4,000 payable to Shirley Bailes;
      n.   $26,000 payable to Jim Deem;
      o.   $5,000 payable to Betty Stover;
      p.   $10,000 payable to  Kaitlyn Riley;
      q.   $18,000 payable to Robbie Miller;
      r.   $3,000 payable to Jo Sims;
      s.   $266,158 payable to Larry Koppelman;
      t.   $102,410.66 payable to the Internal Revenue Service.

Mr. Albertson agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible.  In aid of restitution, Mr. Albertson further agrees as follows:

(a)   Mr. Albertson agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b)   Mr. Albertson will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c)   Mr. Albertson agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d)   Mr. Albertson agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such

HA
_____
Defendant's
Initials

John A. Kessler, Esquire
September 26, 2013                    Re: Harold S. Albertson
Page 4

property.

(e)   Mr. Albertson agrees not to appeal any order of the
District Court imposing restitution unless the amount of
restitution imposed exceeds the amount set forth in this
plea agreement.  However, nothing in this provision is
intended to preclude the Court from ordering Mr. Albertson
to pay a greater or lesser sum of restitution in accordance
with law.

6.   **IRS COLLECTION OF RESTITUTION**.  If the Court orders Mr.
Albertson to pay restitution to the IRS for the failure to pay tax,
either directly as part of the sentence or as a condition of
supervised release, the IRS will use the restitution order as the
basis for a civil assessment.  See 26 U.S.C. § 6201(a)(4).  Mr.
Albertson does not have the right to challenge the amount of this
assessment.  See 26 U.S.C. § 6201(a)(4)(C).  Neither the existence
of a restitution payment schedule nor Mr. Albertson's timely payment
of restitution according to that schedule will preclude the IRS from
administrative collection of the restitution based assessment,
including levy and distraint under 26 U.S.C. 6331.

7.   **PAYMENT OF MONETARY PENALTIES**.  Mr. Albertson agrees not
to object to the District Court ordering all monetary penalties
(including the special assessment, fine, court costs, and any
restitution that does not exceed the amount set forth in this plea
agreement) to be due and payable in full immediately and subject to
immediate enforcement by the United States.  So long as the monetary
penalties are ordered to be due and payable in full immediately, Mr.
Albertson further agrees not to object to the District Court imposing
any schedule of payments as merely a minimum schedule of payments
and not the only method, nor a limitation on the methods, available
to the United States to enforce the judgment.

8.   **COOPERATION**.  Mr. Albertson will be forthright and
truthful with this office and other law enforcement agencies with
regard to all inquiries made pursuant to this agreement, and will
give signed, sworn statements and grand jury and trial testimony upon
request of the United States.  In complying with this provision, Mr.
Albertson may have counsel present except when appearing before a
grand jury.

_____
Defendant's
Initials

John A. Kessler, Esquire
September 26, 2013                    Re: Harold S. Albertson
Page 5

9.   **ASSISTANCE TO INTERNAL REVENUE SERVICE.**   Mr. Albertson agrees to cooperate with the Internal Revenue Service in the determination of his civil income tax liability for the taxable years 2003-2010 and to make available to the examining agents all books, records and other documentary evidence in his/her possession, custody or control, including all materials provided to the defense, through discovery or otherwise, during this proceeding by the attorneys for the government and any criminal investigators assisting them.

10.   **USE IMMUNITY.**   Unless this agreement becomes void due to a violation of any of its terms by Mr. Albertson, and except as expressly provided for in paragraph 12 below, nothing contained in any statement or testimony provided by Mr. Albertson pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Albertson, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

11.   **LIMITATIONS ON IMMUNITY.**   Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Albertson for any violations of federal or state laws.   The United States reserves the right to prosecute Mr. Albertson for perjury or false statement if such a situation should occur pursuant to this agreement.

12.   **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**   The United States and Mr. Albertson stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

_HA_____
Defendant's
Initials

John A. Kessler, Esquire
September 26, 2013                    Re: Harold S. Albertson
Page 6

Mr. Albertson agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Albertson, and Mr. Albertson is subsequently tried on any of the charges in the information, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Albertson or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Albertson or on his behalf.  Mr. Albertson knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts.  If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Albertson understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

13. **AGREEMENT ON SENTENCING GUIDELINES.**  Based on the foregoing Stipulation of Facts, the United States and Mr. Albertson agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2T1.1

| | |
|---|---|
| Base offense level<br>(tax loss greater than $80,000) | 16 |
| Adjusted Offense Level | 16 |

The United States and Mr. Albertson acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

HA
_____
Defendant's
Initials

John A. Kessler, Esquire
September 26, 2013                    Re: Harold S. Albertson
Page 7

14.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Albertson knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 16.  The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 13.

Mr. Albertson also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

15.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Albertson knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

16.  **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence.  The United States reserves the right to:

> (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

_____
Defendant's
Initials

John A. Kessler, Esquire
September 26, 2013                    Re: Harold S. Albertson
Page 8

> (b)  Present evidence and argument relevant to the factors
>      enumerated in 18 U.S.C. § 3553(a);
>
> (c)  Respond to questions raised by the Court;
>
> (d)  Correct inaccuracies or inadequacies in the presentence
>      report;
>
> (e)  Respond to statements made to the Court by or on behalf
>      of Mr. Albertson;
>
> (f)  Advise the Court concerning the nature and extent of Mr.
>      Albertson's cooperation; and
>
> (g)  Address the Court regarding the issue of Mr. Albertson's
>      acceptance of responsibility.

17.  **VOIDING OF AGREEMENT.**  If either the United States or Mr. Albertson violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

18.  **TAX DIVISION APPROVAL.**  It is understood that this agreement is conditioned upon approval by the Department of Justice, Criminal Tax Division. In the event such approval is not granted, this agreement shall be void.

19.  **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Mr. Albertson in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Albertson in any Court other than the United States District Court for the Southern District of West Virginia.

*HA*
_____
Defendant's
Initials

John A. Kessler, Esquire
September 26, 2013                    Re: Harold S. Albertson
Page 9

    Acknowledged and agreed to on behalf of the United States:

                            R. BOOTH GOODWIN II
                            United States Attorney

                By:

                            BLAIRE L. MALKIN
                            Assistant United States Attorney

BLM/sdw

    I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this nine-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement.  I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

_____          9-27-13
HAROLD S. ALBERTSON                   _____
Defendant                            Date Signed

_____          9/27/13
JOHN A. KESSLER                       _____
Counsel for Defendant                Date Signed

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. _____

                                26 U.S.C. § 7201

HAROLD S. ALBERTSON

I N F O R M A T I O N

The United States Attorney Charges:

That from on or about October 22, 2008 to on or about June 18, 2012, in the Southern District of West Virginia, defendant HAROLD S. ALBERTSON, a resident of Charleston, West Virginia, did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar years 2003 through 2010, in the amount of $102,410.66, through the following and other affirmative acts:

1. From approximately July 2007 through at least January 23, 2013, defendant HAROLD S. ALBERTSON, made no payments toward outstanding tax liability for tax years 2003-2010.

2. Defendant HAROLD S. ALBERTSON maintained a bank account at City National Bank. He made deposits into this account of $948,321, $1,041,554, $1,627,975, and $802,763 for

**PLEA AGREEMENT EXHIBIT A**

2008, 2009, 2010, and 2011 respectively. Once deposited, defendant HAROLD S. ALBERTSON immediately withdrew money via checks, cash, wire, and other means, and routinely kept a minimal balance in the account.

3. During this time period from 2008-2011, defendant HAROLD S. ALBERTSON wrote checks to himself, to cash, or he took cash back from his bank deposits in excess of $672,243, and he wrote checks to his ex-wife and to his current wife in excess of $491,556. During this same time period defendant HAROLD S. ALBERTSON wrote no checks to the IRS to pay his outstanding tax liability despite knowing he had a legal duty to pay the taxes owed.

4. Defendant HAROLD S. ALBERTSON conducted his business in cash and did not keep regular books in an attempt to make it difficult or impossible to identify his assets and to collect amounts owed by him.

5. Defendant HAROLD S. ALBERTSON commingled personal and client funds in one account and paid all expenses from this account. He did not maintain records delineating client expenses from personal expenses.

6. On or about April 4, 2012, the collection division of the IRS opened a case to collect defendant HAROLD S. ALBERTSON's

outstanding tax liability of $102,410.66.    An IRS Revenue Officer told defendant HAROLD S. ALBERTSON that payment was due on June 12, 2012.    Between May 7, 2012 and May 11, 2012, defendant HAROLD S. ALBERTSON wrote checks to cash from his City National account totaling over $16,000.00.    Defendant HAROLD S. ALBERTSON wrote these checks to cash and kept low balances in his City National account to evade the payment of the tax he knew was due and owing and to avoid levies by the IRS which he knew could come at any time.

All in violation of Title 26, United States Code, Section 7201.

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____

BLAIRE L. MALKIN
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.

HAROLD S. ALBERTSON

## STIPULATION OF FACTS

The United States and Harold S. Albertson ("Mr. Albertson") stipulate and agree that the facts comprising the offense of conviction in the Southern District of West Virginia, and the relevant conduct for that offense, as well as the conduct constituting the agreement related to restitution, include the following:

1.  At all relevant times, Mr. Albertson was a resident of Charleston, Kanawha County, West Virginia, located in the Southern District of West Virginia.

2.  Mr. Albertson was an attorney and worked as a solo practitioner.

3.  Mr. Albertson maintained accounts at several banks, but used his checking account at City National Bank as his primary account. This account was labeled as a client account, but Mr. Albertson used it for both business and personal expenses.

## Tax Count and Relevant Conduct

4.  Mr. Albertson filed his personal income tax returns for eight calendar years, 2003-2010, on a yearly basis. For these 8 years, Mr. Albertson was assessed approximately $98,580 in federal income tax.

_____

Defendant's
Initials

**PLEA AGREEMENT EXHIBIT B**

5.   For each year, 2003-2010, Mr. Albertson failed to pay the majority of his personal income tax assessed when due, and for each year was assessed various penalties and interest for failing to pay the taxes as required.

6.   From the end of 2004 through July 16, 2007, Mr. Albertson made 12 payments toward his outstanding tax liabilities totaling $12,985, which were credited toward his 2003 and 2004 taxes, but which did not fully satisfy the outstanding taxes for those years.

7.   From approximately July 2007 through at least January 23, 2013, defendant HAROLD S. ALBERTSON, made no payments toward his outstanding tax liability for tax years 2003-2010.

8.   Defendant HAROLD S. ALBERTSON maintained a bank account at City National Bank.  He made deposits into this account of $948,321, $1,041,554, $1,627,975, and $802,763 for 2008, 2009, 2010, and 2011 respectively.  Once deposited, defendant HAROLD S. ALBERTSON immediately withdrew money from that account via checks, cash, wire, and other means, and routinely kept a minimal balance in the account.

9.   During this time period from 2008-2011, defendant HAROLD S. ALBERTSON wrote checks to himself, to cash, or he took cash back from bank deposits in excess of $672,243, and he wrote checks to his ex-wife and to his current wife in excess of $491,556.  During this same time period defendant HAROLD S. ALBERTSON wrote no checks to the IRS to pay his outstanding tax liability despite knowing he had a legal duty to pay the taxes owed.

10.   In April 2012, the IRS opened a case to collect Mr. Albertson's outstanding tax liability for tax years 2003-2010. On May 24, 2012, Mr. Albertson was told he had a balance due of $102,410.66 and that payment was due on June 12, 2012.  In June 2012, Mr. Albertson received notice that the IRS would levy his bank accounts in 30 days.

11.   Mr. Albertson failed to make any payments to the IRS by the June 12, 2012 deadline.  On July 12, 2012, the IRS levied the five bank accounts that Mr. Albertson had provided to the IRS as belonging to him and collected $11.72.

_HA_
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT B**

2

12.   Between May 7, 2012, and May 11, 2012, Mr. Albertson wrote checks to cash from his City National account.   These checks totaled over $16,000.00.   He wrote these checks to cash with the intent of evading payment of the tax he knew was due and owing to the IRS and with the intent to keep the balances in his accounts low because he believed the IRS levy could come at any time.

13.   The checks that Mr. Albertson wrote to cash in May 2012 and during other time periods when he was aware that the IRS levy could come at any time were overt acts taken to evade the payment of $102,410.66 to the IRS for tax years 2003-2010.

## Restitution

14.  Mr.  Albertson  agrees  with  the  following  facts  for purposes of restitution:

a.   When Mr. Albertson settled a case for a client, he would, at times, ask the client to allow him to invest the settlement proceeds and would promise the client a certain rate of return on this investment.

b.   At  other  times,  after  completing  work  for  a client,  he  would  ask  the  client  if  he  or  she  would  want  to invest some of his or savings with him.   Again, Mr. Albertson would promise a certain rate of return on the investment.

c.   Upon  receiving  funds  from  these  clients,  Mr. Albertson  would  either  immediately  cash  the  money  the  clients had  given  him  or  he  would  transfer  the  funds  to  another  client to whom he owed money.

d.   At other times, Mr. Albertson received loans from individuals.    He  promised  to  repay  these  loans  from  the attorney's fees in a particular lawsuit.

e.   At times, Mr. Albertson would make payments to these individuals, but he did not do so regularly and did not keep records of these payments.

_HA_
_____
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT B**

3

f.    When a client requested a return of the full amount of the investment, Mr. Albertson could not provide a lump sum payment, and instead relied on securing other loans or investments to make the payment.

g.    As a result of these "investments," Mr. Albertson agrees he owes restitution to the following individuals in the following amounts:

1.    $8,000 payable to Louise Cummings;
2.    $80,500 payable to Melissa Dickson;
3.    $100,000 payable to Lydia Byrne;
4.    $42,549 payable to Tracey Bowen;
5.    $200,000 payable to Tom Williams;
6.    $42,100 payable to Ray Lewis;
7.    $56,550 payable to Sharon Milam;
8.    $93,065 payable to George King;
9.    $40,000 payable to Larry McGuiness;
10.   $70,000 payable to Janice Confer;
11.   $40,000 payable to George Boggs;
12.   $100,000 payable to Belden Hustin;
13.   $4,000 payable to Shirley Bailes;
14.   $26,000 payable to Jim Deem;
15.   $5,000 payable to Betty Stover;
16.   $10,000 payable to  Kaitlyn Riley;
17.   $18,000 payable to Robbie Miller;
18.   $3,000 payable to Jo Sims;
19.   $266,158 payable to Larry Koppelman.

h.    In addition, Mr. Albertson agrees he owes the IRS, $102,410.66.

_HA_____
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT B**

4

This Stipulation of Facts does not contain each and every fact known to Mr. Albertson and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____          9-27-13
HAROLD S. ALBERTSON                        _____
Defendant                                  Date

_____          9/27/13
JOHN A. KESSLER                            _____
Counsel for Defendant                      Date

_____          10/2/13
BLAIRE L. MALKIN                           _____
Assistant United States Attorney           Date


                                                    HA
                                           _____
                                           Defendant's
                                           Initials

**PLEA AGREEMENT EXHIBIT B**

5